UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

BETTY TONSING,

     Plaintiff,

     v.

SCP 2002E-22 LLC, CVS HEALTH
CORPORATION,

     Defendants.

Case No. 4:23-CV-65 JD

## OPINION AND ORDER

Following a trip-and-fall accident, Plaintiff Betty Tonsing sued in state court Defendant Hook-SuperRx, LLC, d/b/a CVS Pharmacy, for negligence.[1] Defendant removed the case to this Court under diversity jurisdiction, 28 U.S.C. § 1332, but Ms. Tonsing has moved for a remand. Because Defendant has met its burden to show that the matter in controversy exceeds $75,000, the Court will deny Ms. Tonsing's motion.

### A. Background

Ms. Tonsing sued Defendant in the Tippecanoe County Superior Court. In her complaint, Ms. Tonsing alleges that, after she parked her car on Defendant's property and got out to walk toward a sidewalk, she tripped on an unpainted parking block. She claims that "as a result of the fall, [she] sustained serious injuries to her shoulder that required extensive rehabilitation and limited her active lifestyle." (Pl.'s Compl., DE 6 at 2.)

---

[1] Defendant submits that it is being sued under an incorrect name. To the extent that's true, Plaintiff must amend the complaint to name the correct defendant.

Before removing the case, Defendant sought to ascertain whether the matter in controversy exceeds $75,000. Defendant's counsel first contacted Ms. Tonsing's counsel by telephone to ask for a stipulation that her damages did not exceed $75,000. Three weeks later, Defendant's counsel followed up with an email, again asking whether Ms. Tonsing would stipulate that she is not "seeking more than $75,000 in damages." (DE 16-23 at 1.) According to Defendant's counsel, no response was received, so Defendant removed the case to this Court, alleging diversity jurisdiction.[2]

A month later, the parties had a telephone conference during which Ms. Tonsing represented that her medical expenses totaled about $65,000. Ms. Tonsing stated that she might stipulate to damages being less than $75,000 if Defendant would agree to mediate the case before the end of 2023. Defendant expressed agreement to these terms, and on August 31, 2023, emailed Ms. Tonsing's counsel requesting that she execute a stipulation of damages. (DE 16-3.) According to Defendant's counsel, Ms. Tonsing did not respond. Instead, she filed the instant motion to remand contending that Defendant failed to satisfy its removal burden concerning the amount in controversy.[3]

### B. Legal Standard

The parties do not dispute that there is complete diversity of citizenship between the parties. Nor is there any dispute that Defendant's notice of removal was timely. Rather, Ms.

---

[2] Absent a federal question, the Court may exercise jurisdiction only over cases where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332.

[3] These facts are laid out in Defendant's response brief and are uncontroverted as Ms. Tonsing has not filed a reply brief in support of her motion to remand.

Tonsing argues that the case must be remanded because Defendant has not established that the amount in controversy exceeds $75,000.

A state court defendant has a limited right to remove a civil action to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2007). Federal courts have original jurisdiction over cases involving diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332; *Smart v. Loc.. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Diversity jurisdiction under 28 U.S.C. § 1332(a) exists where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.* at 511. Determining the amount of controversy can be difficult in states like Indiana, where plaintiffs need not plead the amount of damages they seek in their complaints. *Id.* In that event, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*; *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The question is not whether the plaintiff is likely to prevail on an award of damages that large, but "what the plaintiff hopes to get out of the litigation[.]" *Rising-Moore*, 435 F.3d at 816. Courts must interpret the removal statute narrowly and resolve any doubts regarding jurisdiction in favor of remand. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

**C. Discussion**

Ms. Tonsing argues that, in removing the case, Defendant has not shown that the amount in controversy exceeds $75,000. According to her, Defendant's only basis for maintaining that the monetary threshold has been met is her allegation in the complaint that she sustained "serious injuries to her shoulder that required extensive rehabilitation and limited her active lifestyle" (Pl.'s Br., DE 13 at 2) and its counsel's "experience and information about different cases" (*id.* at 3.) She omits to mention that in its removal notice Defendant explained that its counsel emailed her counsel seeking a stipulation of damages of less than $75,000 but received no response from Ms. Tonsing.

The Court is unpersuaded by Ms. Tonsing's argument. To the contrary, Ms. Tonsing's allegations that she suffered "serious injuries to her shoulder that required extensive rehabilitation and limited her active lifestyle" combined with her failure to respond to defense counsel's communications before removal (a fact which she does not contest) plausibly establish a sufficient basis for Defendant's good-faith belief that her damages exceed $75,000. The Seventh Circuit has held that when a plaintiff does not stipulate to damages below the jurisdictional amount after being requested to do so, "the inference arises that he thinks his claim may be worth more." *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *see also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) ("Removal is proper if the defendant's estimate of the stakes is plausible; plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum . . . ."). That's the case here.

In support of her motion to remand, Ms. Tonsing relies on *Harshey v. Advanced Bionics Corp.*, Case No. 1:09-cv-905-DFH, 2009 U.S. Dist. LEXIS 100921 (S.D. Ind. Oct. 29, 2009). In *Harshey*, "the pivotal question [was] whether defense counsel's assertion based on 'experience with personal injury litigation' is sufficient to meet defendants' burden of providing competent

proof" about the amount in controversy. *Id.* at \*4. The district court held that such assertions were insufficient and remanded the case, finding that a contrary ruling "could be very troubling for similarly situated defendants and would tend to require courts to decide similar amount-in-controversy disputes based on speculation and guesswork." *Id.* at \*6–7. In closing, the court proposed a better way for ascertaining jurisdiction:

> The better approach is to require more of a removing defendant and to give that defendant a reasonable opportunity to learn more about the scope of the plaintiff's claim. This can be done quickly with a letter or more formal interrogatory or request for admission as to whether plaintiff is willing to state definitively that he seeks no more than $75,000, exclusive of interest and costs. Direct answers, and even evasions and failures to respond, can give both defendants and federal courts a much stronger foundation for exercising federal jurisdiction than the guesswork and speculation that underlie the comparisons relied upon in this case.

*Id.* at \*7–8.

But that's exactly what Defendant has done: before removing the case, counsel contacted Ms. Tonsing's counsel twice to ascertain the amount in controversy, without a response from Ms. Tonsing. Such failure to respond strongly suggests that Ms. Tonsing believes that her claim is worth more than $75,000. Moreover, nothing in the notice of removal suggests that Defendant's counsel is relying on their own experience with personal injury litigation in concluding that Ms. Tonsing's alleged damages exceed the threshold amount. Accordingly, Ms. Tonsing's reliance upon *Harshey* is misplaced.

"Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana*, 472 F.3d at 511 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Ms. Tonsing does not even try to argue that her claim is – "to a legal certainty" – less than $75,000. In fact, after the case had been removed, she represented to Defendant's counsel that her medical bills totaled about

$65,000. In addition, given that she is asking for "just and proper relief," her request is not limited to medical bills but also includes pain and suffering as well as consequential damages. In other words, there's no legal certainty that her claim is less than the jurisdictional amount.

**D.  Conclusion**

For these reasons, the Court DENIES Ms. Tonsing's motion to remand (DE 13).

SO ORDERED.

ENTERED: March 13, 2024

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court